IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES ARMSTRONG,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | 8:16CV89<br><br>FINDINGS AND RECOMMENDATION |

　　　　This matter is before the court on James Armstrong's (Armstrong) Motion for Remand (Filing No. 6). Armstrong denies the court has diversity jurisdiction over his claims whose damages fall below the statutory threshold amount. Armstrong filed a brief (Filing No. 7) and an index of evidence (Filing No. 8) in support of the motion. Metropolitan Life Insurance Company (MetLife) filed a brief (Filing No. 13) and an index of evidence (Filing No. 14) in opposition to the motion. Armstrong did not file a reply. For the reasons set forth below, the undersigned magistrate judge recommends Armstrong's motion to remand be denied.[1]

## BACKGROUND

　　　　Armstrong seeks benefits for long-term disability under the terms of his employer the State of Nebraska's benefits plan. **See** Filing No. 1-1 p. 1 - Complaint p. 1. MetLife is the claims and plan administrator for the long-term disability plan. *Id.* Armstrong worked for the State of Nebraska as a Social Service Worker from January 10, 1980, until March 6, 2012. *Id.* Armstrong alleges his job regularly exposed him to stress, anxiety, and depression, ultimately resulting in a heart attack. *Id.* Armstrong initially

---

[1] The court is entering a Findings and Recommendation in light of decisions regarding whether a magistrate judge has authority to rule on a motion to remand. **Compare** *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016) (finding "motions to remand . . . should be treated as dispositive matters in which only the district court may enter an order"), *Flam v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015), *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001), *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998), *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639, 642 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). The undersigned magistrate judge concludes a recommendation is the most appropriate course of action in this matter.

received long-term disability benefits on May 4, 2012, until termination of the benefits on August 8, 2014.  *Id.* at 1-2.  Armstrong filed an administrative appeal, which was denied on September 9, 2014.  *Id.* at 2.  Seeking further review of MetLife's denial of benefits, on November 30, 2015, Armstrong filed this lawsuit in the District Court of Lancaster County, Nebraska, naming the State of Nebraska and MetLife as defendants.  *Id.* at 1.  At Armstrong's request, on February 16, 2016, the state court dismissed the claims against the State of Nebraska without prejudice.  **See** Filing No. 1-1 p. 30 - Order to Dismiss.

On February 23, 2016, MetLife removed the case, which only became removable upon dismissal of the claims against the State of Nebraska, to the United States District Court for the District of Nebraska.  **See** Filing No. 1 - Notice of Removal.  Further, MetLife asserts this court has original jurisdiction over the issues, the parties are citizens of different states, and the amount in controversy exceeds $75,000.  *Id.*

On May 16, 2016, Armstrong filed a motion for remand, claiming the amount in controversy falls below $75,000.  **See** Filing No. 6.  Specifically, Armstrong contends the amount in controversy at the time of removal was $14,046.90 plus $3,448.77 ($31.07 for each day the action was pending in state court).  **See** Filing No. 7 - Brief p. 1, 3.  This amount represents the "past benefits" sought in the Complaint.  *Id.*  Armstrong denies any attorney fee award would sufficiently raise the damage amount to meet the $75,000 jurisdictional threshold.  *Id.* at 3-4.

MetLife, opposing remand, argues the relevant amount in controversy includes the amount of the monthly benefits sought ($936.46) for the period from August 9, 2014, until October 3, 2022, which represents the period of potential coverage.  **See** Filing No. 13 - Response p. 3-4.  MetLife contends the present value of Armstrong's claim for future benefits ($66,136), when combined with past benefits exceeds $87,000.  *Id.* at 4, 7.  In addition, MetLife anticipates the statutory attorney fee award under the circumstances may exceed $75,000.  *Id.* at 11-12.  This assumption is based on the typical hourly rates charged for someone of Armstrong's counsel's experience and the complexity of the case, which may reasonably require at least 300 hours of time.  *Id.*

## ANALYSIS

The federal statute governing removal provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

MetLife removed this action based on diversity jurisdiction. The United States District Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The parties do not dispute they are citizens of different states. Armstrong is a citizen of Nebraska and MetLife is a New York corporation with its principal place of business in New York, New York. *See* Filing No. 1 - Notice of Removal ¶ 2. Accordingly, the court need only determine whether the amount in controversy requirement has been met.

"[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, [and] all doubts about federal jurisdiction must be resolved in favor of remand." **Baker v. Martin Marietta Materials, Inc.**, 745 F.3d 919, 923 (8th Cir. 2014) (alteration in original) (**quoting Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.**, 561 F.3d 904, 912 (8th Cir. 2009)). "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." **In re Prempro Prods. Liab. Litig.**, 591 F.3d 613, 620 (8th Cir. 2010). Accordingly, when, as in the instant matter, damages are not fully specified in the state court complaint, the removing party "has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." **Bell v. Hershey Co.** 557 F.3d 953, 956 (8th Cir. 2009). The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. **Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach**, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment[.]"; **Keene Corp. v. United States**, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court);

3

*Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012) ("It is axiomatic that the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal.") (internal citations omitted). "Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are[.]" *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014) (internal citations omitted) (alterations in original). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012) (**citing** Bell, 557 F.3d at 956). For example, a plaintiff might meet that burden by citing a state law or a binding stipulation which limits the plaintiff's recovery of damages.

Although Armstrong's Complaint does not identify a finite amount of damages, the Complaint provides a specific method of determining the amount. The language in the Complaint states,

> Defendants are liable to Plaintiff in the amount of $936.46 per month for the period commencing August 9, 2014 to the present, and continuing as long as he remains disabled pursuant to the LTD plan, plus prejudgment interest . . . . [and] [p]ursuant to Neb. Rev. Stat. § 44-359, . . . the costs of this action and reasonable attorney fees.

**See** Filing No. 1-1 p. 1 Complaint p. 4.

The court evaluates the amount of the controversy based on the allegations in the complaint at the time of removal. By distinction, the amount of damages are calculated by determining whether a plaintiff's verdict might reasonably and legally exceed $75,000. *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) ("Generally, the 'relevant period' [for back-pay] runs from the date of termination until the date of reinstatement or judgment."); *Walker v. Lanoga Corp.*, No. 06-0148CV-W-FJG, 2006 WL 1594451, at *2 (W.D. Mo. June 9, 2006) (determining the defendant had adequately established the amount in controversy would exceed the jurisdictional minimum when the back pay damages were $35,000 "as of the date of removal" and

4

could then be combined with the other alleged damages including front pay and emotional damages).

In the Eighth Circuit, "[w]here the heart of a cause of action is a claim for future benefits, the amount in controversy is the present value of the claimed future benefit." ***Burns v. Massachusetts Mut. Life Ins. Co.***, 820 F.2d 246, 249 (8th Cir. 1987) (**quoted by *Engle v. Life Ins. Co. of N. Am.***, No. 4:10CV963, 2010 WL 2720697, at *2 (E.D. Mo. July 8, 2010)). Armstrong contends the court should not consider the amount for future benefit payments unless the validity of the underlying insurance policy is at issuing. **See** Filing No. 7 - Brief p. 2 (**citing *Massachusetts Cas. Ins. Co. v. Harmon***, 88 F.3d 415 (6th Cir. 1996)). The ***Harmon*** court determined the insurance company's attempt to rescind a policy, based on the insured's failure to disclose, concerned the validity of the entire policy, rather than merely the amount allegedly owing for benefits erroneously paid out. ***Harmon***, 88 F.3d at 416-17. The ***Harmon*** court's rationale does not apply here and those of the other cases cited by Armstrong are not binding or persuasive. The amount Armstrong seeks in the Complaint is a calculable claimed future benefit and represents MetLife's alleged finite liability with respect to disability benefits.

Armstrong's Complaint expressly seeks future benefits accruing on a monthly basis in a specific amount continuing as long as he remains disabled, until her turns 65, pursuant to the plan. Additionally, MetLife suggests Armstrong's medical history and allegations of disability are extensive, implicating several physical and mental conditions. Armstrong does not state he is permanently disabled, nor does he suggest the possibility of recovery. MetLife has established by a preponderance of the evidence the value of Armstrong's claim as pleaded, including future benefits discounted to present value, exceeds the sum of $75,000. The assertions in the initial pleadings and attached evidence permit the court to find it is more likely than not the amount in controversy exceeds $75,000. The amount of Armstrong's past benefits and future benefits may reasonably exceed the jurisdictional threshold. Additionally, statutory attorney's fees may be significant. Consequently, based on federal diversity statutes and the attending case law, jurisdiction appears proper in United States District Court. Therefore,

**IT IS RECOMMENDED TO JUDGE ROBERT F. ROSSITER, JR. that:**

James Armstrong's Motion for Remand (Filing No. 6) be denied.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 3rd day of August, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge