IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES ARMSTRONG,<br><br>        Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>        Defendant. | **8:16CV89**<br><br>**ORDER** |

      This matter is before the court on the Findings and Recommendation ("F&R") of the Magistrate Judge (Filing No. 17). The Magistrate Judge recommended that the motion to remand (Filing No. 6) be denied.

      This is a non-ERISA action for benefits for long-term disability.[1] The plaintiff was formerly employed by the State of Nebraska. Defendant Metropolitan Life Insurance Company ("Met Life") is the claims and plan administrator for the State of Nebraska Long-Term Disability ("LTD") Plan. Met Life removed this action from state court based on diversity of citizenship under 28 U.S.C. § 1332.

      There is no dispute that the parties are citizens of different states. Armstrong contends, however, that removal is improper because the amount in controversy is below the jurisdictional threshold of $75,000. In his Complaint, Armstrong alleges that Met Life is liable for monthly disability benefits of $936.46 per month commencing August 9, 2014 "continuing as long as he remains disabled pursuant to the LTD plan," as well as statutory attorney fees. The Plan provides benefits for a covered disability through age 65, in Armstrong's case, through October 3, 2022.

---

[1] Although the disability insurance policy at issue is a benefit incident to employment, the plaintiff's employer, the State of Nebraska, is a government employer exempt from ERISA. *See Fromm v. Principal Health Care of Iowa, Inc.*, 244 F.3d 652, 653 (8th Cir. 2001) (noting that ERISA normally preempts a state law action of this sort, but government employers are exempt from ERISA's coverage); 29 U.S.C. § 1002(32).

The magistrate judge found that "[t]here is a legal possibility that the amount placed in controversy in this case exceeds $75,000, both on the basis of Armstrong's allegations regarding future benefits and his request for a statutory attorney fee." The plaintiff has not filed any objections to the findings and recommendation.

A district court reviews de novo those portions of a magistrate's order that are objected to by a party. *Grinder v. Gammon*, 73 F.3d 793, 792 (8th Cir. 1996). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). A district court may reconsider any pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007); 28 U.S.C. § 636(b)(1)(A).

The court has carefully reviewed the record and finds that the magistrate judge's well-reasoned recommendation should be adopted in all respects. Accordingly,

IT IS ORDERED:

1. The Findings and Recommendation of the Magistrate Judge (Filing No. 17) are adopted.

2. The Plaintiff's motion to remand (Filing No. 6) is denied.

3. The Defendant shall answer or otherwise plead within fourteen (14) days of the date of this order.

Dated this 21st day of September, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge